J-S13043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JULIE ANN JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY BRIAN JONES | : | |
| | : | |
| Appellant | : | No. 1647 MDA 2021 |

Appeal from the Order Entered November 10, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2018-40937

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: APRIL 25, 2022**

Appellant Stanley Brian Jones appeals the order of the Court of Common Pleas of Lackawanna County granting the petition filed by Appellee Julie Ann Jones seeking to extend a final order entered under the Protection From Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6122.  After careful review, we affirm.

Appellee filed a *pro se* PFA petition on July 2, 2018 on behalf of herself and the parties' twin children (hereinafter "the Children") who were five years old at that time.  Appellee's petition alleged that Appellant, who was Appellee's husband at that time, physically assaulted her during the parties' vacation to Stone Harbor, New Jersey on June 29, 2018.  PFA Petition, 7/2/18, at 1-3 (unpaginated).

---

[*] Former Justice specially assigned to the Superior Court.

Appellee claimed that Appellant continued to forcefully restrain her on a bed despite her cries of pain and the Children's pleas for Appellant to stop. *Id*. at 3-4. Appellee was able to escape and attempt to call 911 but Appellant ripped the phone out of the wall. *Id*. Appellee then called 911 on her cell phone and police officers responded to the call. *Id*.

In addition to this incident, Appellee claimed in the PFA petition that Appellant had committed previous acts of domestic abuse on multiple occasions over the prior six months when he grabbed her in anger with force that caused bruises. *Id*.

On October 19, 2018, the trial court entered a three-year final PFA order by agreement without any admission by Appellant as to Appellee's allegations. PFA Order, 10/19/18, at 1-2. Appellee, the Children, and several of Appellee's relatives were listed as protected parties.

Thereafter, Appellee filed an action for divorce/child custody in the Court of Common Pleas which was docketed at 2018-FC-41065. Appellee also initiated a custody action that was docketed at 2018-FC-41457. The Children were appointed a Guardian *ad Litem*.

With respect to Appellee's original allegations that Appellant had assaulted her on vacation in New Jersey in June 2018, Appellant was ultimately convicted of simple assault by the Stone Harbor Municipal Court on July 11, 2019. Appellant did not file an appeal of his conviction.

On October 8, 2021, Appellee filed the instant petition seeking to extend the PFA order, in which she alleged the following:

Due to behavior since October 19, 2018, my children & I are in fear of bodily harm if the PFA is not extended. [Appellant] has been diagnosed with Borderline Personality Disorder, Narcissistic Personality Disorder, Obsessive Personality Disorder & Major Depressive Disorder. He refuses to get further psychological evaluations & will not attend Court Ordered Domestic Abuse classes. He has not had contact with our children since April of 2020. I fear for my safety & the safety of my children (both age 9) if this PFA is not extended.

Petition for Extension of PFA, 10/8/21, at 1.

On November 10, 2021, the trial court held a hearing at which both parties testified. Appellee testified she filed the initial PFA petition due to a pattern of repeated abuse in the parties' marriage and the incident in which Appellant was convicted of simple assault. Notes of Testimony (N.T.), 11/10/21, at 10-16. Appellee testified that on several occasions, Appellant had left her with bruises all over her body and Appellee presented photographic evidence of these injuries at the hearing. N.T. at 25, 88-92. While Appellee admitted that she had alcohol abuse issues during the parties' marriage, she averred that her substance abuse problem did not impair her ability to perceive or remember Appellant's abuse. N.T., at 26-27.

Appellee felt that Appellant had only left her and the Children alone because of the PFA and feared he would resume the abuse as Appellant never acknowledged he did anything wrong. N.T. at 11, 14-15. Appellee pointed out that Appellant refused to comply with the trial court's repeated orders in the custody proceedings directing him to undergo a psychiatric evaluation and to attend domestic abuse classes. N.T. at 11, 25-26.

Appellant testified that he had taken domestic abuse classes and was being treated by a licensed psychologist. N.T. at 31. Appellant claimed he had not assaulted Appellee in the June 29, 2018 incident but rather tried to stop her from taking the Children for ice cream as he alleged that Appellee was intoxicated. N.T. at 41. Appellant admitted he was convicted of simple assault for these allegations and claimed he did not appeal because he was destitute and could not afford to do so. N.T. at 42-43.

When presented with photos of Appellee's bruises taken in 2018, Appellant denied that he assaulted Appellee but explained that Appellee would frequently have bruises on her legs from her insulin pump as she is diabetic. N.T. at 77-79. Appellant indicated that he did not know how Appellee sustained the bruises on the other parts of her body. N.T. at 79-80. Appellant admitted that he did not comply with repeated court orders directing him to undergo a psychiatric evaluation.

At the conclusion of the hearing, the trial court judge, the Honorable Julia Munley, entered an order granting Appellee's petition for an extension of the existing PFA order. Judge Munley found Appellant was not credible when he denied responsibility for the June 29, 2018 incident in which Appellee claims she was assaulted. Judge Munley determined that Appellee credibly testified, consistent with the documented evidence of her bruises, that Appellant had posed a risk of harm to Appellee and the Children.

Judge Munley noted that she had been intricately involved with the case as she had also been assigned to resolve the parties' custody dispute. As

such, Judge Munley recognized that Appellant had ignored repeated court orders in the custody proceedings that he submit to a psychiatric evaluation. Accordingly, after viewing the testimony and evidence, the trial court found that Appellant posed a continued risk of harm to Appellee and the Children, which justified an extension of the original PFA order.

Appellant filed this appeal and raises the following issues for our review:

1. Did the trial court err as a matter of law and commit an abuse of discretion by extending the exi[s]ting October 2018 Protection from Abuse Order as to all of the protected parties, including the parties' minor children, B.R.J. and A.E.J., when there w[ere] no further incidents of abuse with regard to any of the protected parties, including the parties' minor children, there was no pattern or practice of abuse that posed a continued risk of harm to any of the protected parties, there was insufficient evidence of record to justify the extension, and the extension of the existing Protection from Abuse Order was against the weight of the evidence?

2. Did the trial court improperly take judicial notice of facts made from the parties' custody litigation, including unproved factual allegations made in filings in that custody litigation, such that the facts should not be considered in this Court's determination of whether the trial court abused its discretion and committed an error of law in extending the October 2018 Final Protection from Abuse order?

Appellant's Brief, at 4-5 (suggested answers omitted).

Appellant's first claim challenges the sufficiency of the evidence supporting the trial court's decision to grant an extension of the PFA petition. Appellant emphasizes that he committed no acts of abuse against Appellee or the Children following the entry of the initial order. Appellant asserts he had no contact with Appellee or any of the protected parties listed on the initial

PFA order, other than his supervised visits with the Children as permitted by the trial court through the custody proceedings.

Appellant admits that he refused to comply with the trial court's repeated orders that he submit to a psychiatric evaluation but argues that he "partly" complied by seeing a licensed psychologist for three years and by taking domestic violence classes.  Appellant's Brief, at 14.  As such, Appellant argues that it was manifestly unreasonable for the trial court to extend the existing PFA order.

In reviewing this claim, our standard of review is as follows:

When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

*Ferko-Fox v. Fox*, 68 A.3d 917, 926–27 (Pa.Super. 2013) (quoting *Thompson v. Thompson*, 963 A.2d 474, 477 (Pa.Super. 2008) (quotations and citations omitted)).

This Court has emphasized that "[t]he purpose of the [PFA Act] is to protect victims of domestic violence from the perpetrators of that type of abuse and to prevent domestic violence from occurring." *Ferko-Fox*, 68 A.3d at 921 (citation omitted).   The PFA Act defines the term "abuse" as follows:

"**Abuse**." The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or person who share biological parenthood.

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S.[A.] § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecution commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

Although a protection order may not exceed three years, the petitioner may file a petition seeking an extension of the protection order. 23 Pa.C.S.A. § 6108(d)-(e). To be entitled to an extension of the PFA order, the petitioner must demonstrate by a preponderance of the evidence that "the defendant committed one or more acts of abuse subsequent to the entry of the final [PFA] order **or** that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child." 23 Pa.C.S.A. § 6108(e)(1)(i) (emphasis added).

- 7 -

While Appellant emphasizes that he neither abused Appellee nor attempted to contact her following the entry of the existing order, Appellee is not required to prove that Appellant committed additional acts of abuse since the statutory language of the PFA Act provides that an extension of the PFA order may be granted if the petitioner shows "the defendant *engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child*." 23 Pa.C.S.A. § 6108(e)(1)(i) (emphasis added).

The trial court acknowledged that Appellant's most recent assault that led Appellee to file the initial PFA petition occurred more than three years ago. However, the trial court determined that Appellee's testimony and the photographic evidence of her injuries from that incident and from abuse throughout the marriage had shown that Appellant had in fact assaulted Appellee in front of the Children and that Appellee's fear of Appellant was reasonable.

In comparison, the trial court found that Appellant's testimony lacked credibility when he denied ever abusing Appellee despite being convicted of simple assault for the 2018 incident. The trial court determined that Appellant's refusal to obtain an independent psychiatric evaluation, despite being directed to do so in several court orders, demonstrated that he "has vigorously resisted services specifically designed to address abusive behaviors." Trial Court Opinion (T.C.O.), 1/14/22, at 9. Further, the trial court provided that:

Despite a criminal conviction arising out of the incident, [Appellant] continues to deny that he abused [Appellee]. [Appellant] continues to blame other people for his actions and behaviors, including [Appellee], [Appellee's] family, [Appellee's] counsel, this Court, and "the system." [Appellant's] explanation for his prior behavior show an ongoing indignance toward [Appellee] due to circumstances [Appellant] created by his abuse. [Appellant] simply does not accept that he engaged in abusive behavior or that he caused harm to [Appellee] and to the parties' children. While the physical abuse toward [Appellee] occurred in the past over a period of years, [Appellant's] present denial of his prior actions show that [Appellee's] fear of imminent bodily injury is reasonable moving forward. [Appellant's] conduct and behavior, coupled with his testimony, demonstrates a pattern or practice which indicates a continued risk of harm to [Appellee] and the parties' children[.]

*Id*.

Upon reviewing the evidence in the light most favorable to Appellee and granting her the benefit of all reasonable inferences, we find there was sufficient evidence to support the trial court's determination that Appellant engaged in a "pattern or practice which indicates a continued risk of harm" to Appellee and the children. Accordingly, we conclude that the trial court did not err in granting Appellee's request for an extension of the PFA order.

Second, Appellant argues that the trial court erred in taking judicial notice of facts concerning the parties' child custody litigation that were not part of the record in the instant PFA proceedings. While Appellant does not identify the "facts" of which he claims that the trial court improperly took judicial notice, we surmise that he is referring to the trial court's reference to the procedural history of the parties' custody dispute. As noted above, Judge Munley, who presided over the parties' custody dispute as well as the instant

PFA matter, noted that Appellant had not complied with several court orders in the custody matter which had directed Appellant to submit to a psychiatric evaluation.

Our courts have held that "in light of the purpose of the Act to prevent imminent harm to abused person(s), some flexibility must be allowed in the admission of evidence relating to past acts of abuse" such that it is "within the trial court's discretion to hear any relevant evidence that would assist in its obligation to assess the appellee's entitlement to and need for a protection from abuse order." **Raker v. Raker**, 847 A.2d 720, 726 (Pa.Super. 2004) (quotation marks omitted) (citing **Miller v. Walker**, 665 A.2d 1252, 1259 (Pa.Super. 1995) (citation omitted)).

Our rules of evidence provide that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b).

In similar circumstances, in **Jones v. Jones**, 884 A.2d 915 (Pa.Super. 2005), this Court found the trial court's decision to take judicial notice of testimony from a prior custody hearing between the parties was "an intelligent and efficient way to proceed, particularly when the same trial judge presided over the prior hearings." **Id**. at 916-17.

Likewise, in this case, we find it was appropriate for the trial court to take judicial notice of the procedural history of the custody proceedings. Appellee testified at the PFA hearing that Appellant had refused to comply with repeated court orders throughout the parties' custody proceedings for Appellant to undergo a psychiatric evaluation. Appellant admitted that he did not comply with these orders but indicated that he had been treating with a licensed psychologist for the past three years.

As Judge Munley had presided over the custody proceedings as well as the PFA petition in the instant case, Judge Munley indicated in her opinion pursuant to Pa.R.A.P. 1925(a) that the PFA proceedings were tightly intertwined with the ongoing custody litigation. In that opinion, Judge Munley explained how Appellant's refusal to comply with several court orders in the parties' custody proceedings factored into her decision to extend the PFA order in this case. As such, we conclude that the trial court did not err in incorporating the relevant procedural history of the custody proceedings into her decision in this case.

For the foregoing reasons, we affirm the trial court's order granting Appellee's motion for an extension of the existing PFA order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2022